LAWLIBRARY

## IN THE SUPERIOR COURT OF GUAM

LEA M. SIRUELO, in her capacity as Administrator in the ESTATE OF GLORIA S. VILLANUEVA,

     Plaintiff,

vs.

JOE S. BESEGAR,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL CASE NO. CV0851-11

DECISION AND ORDER
(Motion for Reconsideration)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on November 8, 2012, for Joe S. Besegar's Motion for Reconsideration. Attorney Vanessa Ji appeared on behalf of Joe S. Besegar ("Defendant"). Attorney Helkei S. Hemminger appeared on behalf of Lea M. Sieruelo, Administrator in the Estate of Gloria S. Villanueva ("Plaintiff"). The Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order.

## BACKGROUND

On September 19, 2012, the Court denied Defendant's Motion to Vacate the Default Judgment, but granted Defendant's Motion to Vacate the Default Judgment as to damages. The Court adopts the procedural history from its September 19, 2012 decision of this case as follows: On May 23, 2011, a Verified Complaint for Unlawful Detainer, Ejectment, Trespass, Unjust Enrichment and Damages was filed against Defendant Joe S. Besagar. Defendant was

served with a Summons and a copy of the Complaint on May 25, 2011. Declaration of Service (May 25, 2011). On June 17, 2011, Plaintiff filed an Application for Entry of Default Judgment Against Defendant Joe S. Besagar. Plaintiff based her application on Guam R. Civ. P. 55 (a), asserting that "Defendant had the statutory twenty (20) days to answer the complaint, the date of which was June 14, 2011. Defendant failed to plead or otherwise defend this action." Pl's Application for Entry of Default Judgment Against Defendant Joe S. Besagar (Jun 17, 2011). Plaintiff also filed a Declaration of Non-Military Service on June 24, 2011. As a result, an Entry of Default was filed on June 29, 2011, pursuant to Rule 55 (a) and (b). Subsequently, Plaintiff filed her Motion for Entry of Default Judgment Against Defendant Joe S. Besagar on July 19, 2011.[1]

On August 10, 2011, Default Judgment Against Defendant Joe S. Besagar was executed by the Honorable Elizabeth Barrett-Anderson. On October 26, 2011, the Default Judgment was reaffirmed reflecting a corrected amount of $69,600 in Paragraph 2.

Defendant then moved this Court to vacate the Default Judgment, arguing that it "was entered without notice of the hearing on the default and the required hearing to ascertain the damages." Def's Mot. to Vacate Default Judgment (May 10, 2012).

Plaintiff objected to Defendant's motion. Plaintiff contends the following: (1) The Court has subject matter jurisdiction to adjudicate the ejectment action; (2) It is Defendant's fault that entry of default and the inevitable default judgment was taken against him; (3) Because Defendant failed to answer or otherwise appear in the action, Defendant was not entitled to the three-day notice requirement under GRCP Rule 60(b) for hearings on default judgments; (4) Vacating the default judgment will result in prejudice to the Estate; (5) There is

---

[1] An Ex Parte Application for Order Shortening Time to Hear Motion for Default for Defendant Joe S. Besagar was granted by the Honorable Elizabeth Barrett-Anderson on July 19, 2011.

no fraud, collusion or misrepresentation; and (6) The Court did conduct a hearing on damages. Pl's Opp'n to Def's Mot. to Set Aside Default J. (Jun 27, 2012).

The Court heard oral arguments on Defendant's Motion for Reconsideration on November 8, 2012, and now issues its Decision and Order.

## DISCUSSION

Defendant moves this Court to reconsider its September 19, 2012 Decision and Order pursuant to the Court's inherent powers, or alternatively, the Guam Rules of Civil Procedure. Defendant specifically argues that "[r]econsideration is appropriate under GRCP Rule 59(e). Def's. Mem. P. & A. in Support of Mot. for Reconsideration (Sep 26, 2012). Defendant contends that "it was clear error and manifestly unjust to apply the incorrect legal standard for relief under rule 60(b)(4)." *Id.* Moreover, it was clear error to not consider standing as a threshold jurisdictional matter. *Id.* Likewise, it was clear error to apply the Midsea test and clear error to deny relief when there was no discretion to do so. *Id.*

Plaintiff opposes Defendant's motion and contends that the "entire crux of Defendant's argument rests on his interpretation of 15 GCA §2205(c)." Plaintiff's Opp'n. Mot. (Oct. 10, 2012).

Local Civil Rule 7.1 (i) provides that: "A motion for reconsideration of the decision on any motion may be made only in accordance with Guam Rules of Civil Procedure." Furthermore, the same rule states: "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."

"Motions for reconsideration are appropriate where the trial court: '(1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or (3) if there is

an intervening change in controlling law.'" *Ward v. Reyes*, 1998 Guam 1 ¶ 10 (citing *School District no. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9ᵗʰ Cir. 1993)).

With respect to the case at bar, Defendant presents no new evidence. However, on the second prong, Defendant argues that the Court committed a clear error and that its prior decision was manifestly unjust as a result. Thirdly, the last prong in *Ward* is inapplicable. There was no change in controlling law on the record that the Court is made aware of.

In review of the Court's September 19, 2012 Decision & Order, the Court made note that "Defendant [sought] relief from the Default Judgment pursuant to Rules 60(b)(3),(4),(5) and (6). Dec. & Order (Sep. 19, 2012). Furthermore, the Court outlined GRCP Rule 60(b) and the six corresponding reasons providing relief from judgments or orders. The Court focused only on the four specific 60(b) relief requested by Defendant, cognizant that if Defendant fails to state with particularity which if any, of the six grounds under Rule 60 (b) entitles him to relief denial would be appropriate. See In re Estate of Concepcion, 2003 Guam 12 at ¶¶ 27-28.

Defendant argues that the Court erroneously stated that he must meet the standard for relief under Rule 60(b)(3) in order to obtain relief under Rule 60(b)(4). Def's. Mem. P. & A. in Support of Mot. for Reconsideration (Sep 26, 2012). The Court agrees with Plaintiff that the language used in the September 19, 2012 Decision and Order "on or account of this argument" implies to only one argument in reference to the Rule 60(b)(3) argument, but the Court did cite to Defendant's Rule 60(b)(3) and 60(b)(4) contentions. To clarify, the Court was going through the four specific 60(b) relief requested by Defendant. The clear and convincing standard of proof of evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct follows 60(b)(3) and not 60(b)(4). The Court agrees with Defendant on that proposition. Likewise, the Court did apply the appropriate standards in denying the Rule 60(b)

motion. The Court already determined that there was no evidence of fraud, misconduct, etc. under Rule 60(b)(3).

With regard to the legal standard for 60(b)(4), Defendant argues that "a judgment is void where the Court lacks subject matter jurisdiction." *Id.* Defendant claims it was clear error for the court not to conduct the required threshold jurisdictional inquiry. *Id.* On this argument, the Court agrees with Plaintiff that subject matter jurisdiction in this case is obvious, requiring nothing more but a plain reading of the probate code.

The Court has heard this instant case and in some regard held the probate action in abeyance pending the resolution of the above entitled case. The Court does have subject matter in the probate case and accordingly the Court summarily rejects Defendant's contention that the corresponding civil matter is without jurisdiction.

Accordingly, the Court DENIES Defendant's Motion for Reconsideration and maintains that Defendant was Granted his Motion to Vacate the Default Judgment as to damages, for which an evidentiary hearing would be appropriate.

## CONCLUSION

By a preponderance of the evidence and based on the foregoing reasons, the Court DENIES Plaintiff's Motion for Reconsideration.

**SO ORDERED** this 28 day of JANUARY, 2013.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

JAN 28 2013